IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| CASSIE NALAWAGAN, for herself and<br>as surviving mother and next friend of<br>DEMARIO NALAWAGAN, DECEASED,<br><br>      Plaintiff,<br><br>v.<br><br>HAI V. DANG, M.D.<br><br>      Defendant. | No. 06-2745-STA-dkv |

_____

**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**
_____

Before the Court is Defendant Hai V. Dang, M.D.'s Motion for Partial Summary Judgment (D.E. # 80) filed on February 25, 2010. Pursuant to Local Rule 7.2(a)(2), Plaintiff's Response was due on or before March 30, 2010. The Court entered a Show Cause Order on April 12, 2010, ordering Plaintiff to file a response brief within seven (7) days of the entry of the Order. To date Plaintiff has failed to respond to Defendant's Motion. For the reasons set forth below, the Motion is **GRANTED**.

## BACKGROUND

Defendant has stated that the following facts are not in dispute for purposes of this Motion: on Octboer 17, 2006, Cassie Nalawagan, individually and as mother and next friedn of Demario Nalawagan, deceased, filed this lawsuit against Hai V. Dang, M.D., Methodist Health Care and Methodist Health Care Memphis Hospitals d/b/a Methodist South Hospital, in the

1

Circuit Court of Tennessee for the Thirtieth Judicial District of Memphis, asserting claims for medical malpractice.  (Def.'s Statement of Undisputed Facts ¶ 1) The Complaint asserts causes of action for the alleged negligence of the Defendants surrounding Cassie Nalawagan's presentation for labor and delivery at Methodist South Hospital on October 17, 2005.  (*Id*. ¶ 2) The Complaint alleges that, as a result of the Defendants' negligence, Ms. Nalawagan suffered complications from her delivery, which were not properly treated by the Defendants.  (*Id.* ¶ 3) The Complaint alleges that, as a result of the negligence of Defendants, Demario Nalawagan, her infant child, developed complications related to hypoxic ischemic encephalopathy, which caused or contributed to his death. (*Id.* ¶ 4)

On March 28, 2008, Plaintiff designated Dr. Donald L. Block, as her expert witness in the field of obstetrics and gynecology. (*Id.* ¶ 5) Dr. Block offered numerous opinions in support of the causes of action alleged on behalf of Demario Nalawagan. (*Id.*)  However, Dr. Block offered no opinions in support of Cassie Nalawagan's individual claims for personal injuries. (*Id.*)  Further, Defendants deposed Dr. Block on June 9, 2008, and Dr. Block was not critical of Dr. Dang's prenatal care of Cassie Nalawagan, nor did he have any cricism of Dr. Dang's treatment of Cassie Nalawagan for complications following surgery. (*Id.*)  Thus, Dr. Block has offered no medical opinions supporting Cassie Nalawagan's individual claims for personal injuries. (*Id.*)

On March 31, 2008, Plaintiff designated Dr. Gene M. Tenorio, a board certified pediatric neurologist, as a causation expert. (*Id.* ¶ 6) Dr. Tenorio's opinions are limited to the causation of injuries to Demario Nalawagan. (*Id.*)  Dr. Tenorio offered no expert witness opinions, whatsoever, in support of Cassie Nalawagan's individual claims for personal injuries. (*Id.*)

Plaintiff has designated no expert witness to support her contentions that the alleged negligence of Dr. Dang caused or contributed to her individual injuries. (*Id.* ¶ 7)

In his Motion for Partial Summary Judgment, Defendant argues that Plaintiff has failed to proffer the requisite expert proof to support her claims of medical malpractice with respect to her own injuries. The Tennessee Medical Malpractice Act requires expert proof that a defendant's acts breached the applicable standard of care and that a defendant's breach was the proximate cause of injuries to a plaintiff. Defendant contends that the expert opinions Plaintiff has disclosed are addressed only to the claims she has stated on behalf of her deceased son, Demario Nalawagan. Without competent expert proof, Plaintiff cannot support her own claims for personal injury against Defendant. Therefore, Defendant is entitled to summary judgment as to those claims.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) provides that a

> judgment . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.[1]

In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party.[2] When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings but, rather, must

---

[1] Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Canderm Pharmacal, Ltd. v. Elder Pharms, Inc.*, 862 F.2d 597, 601 (6th Cir. 1988).

[2] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

present some "specific facts showing that there is a genuine issue for trial."[3]  It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts."[4]  These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict.[5]  When determining if summary judgment is appropriate, the Court should ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-side that one party must prevail as a matter of law."[6]

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[7]  In this Circuit, "this requires the nonmoving party to 'put up or shut up' [on] the critical issues of [her] asserted causes of action."[8]  Finally, the "judge may not make credibility determinations or weigh the evidence."[9]  Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."[10]

---

[3] *Celotex*, 477 U.S. at 324.

[4] *Matsushita*, 475 U.S. at 586.

[5] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

[6] *Id.* at 251-52 (1989).

[7] *Celotex*, 477 U.S. at 322.

[8] *Lord v. Saratoga Capital, Inc.*, 920 F. Supp. 840, 847 (W.D. Tenn. 1995) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989)).

[9] *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994).

[10] Fed. R. Civ. P. 56(c); *see also Celotex*, 477 U.S. at 322 (1986).

## **ANALYSIS**

Upon reviewing Plaintiff's expert disclosures and the full deposition testimony of Dr. Block, the Court holds that Defendant is entitled to summary judgment on Plaintiff's own claims for personal injuries.  In order to state a claim for medical malpractice under Tennessee law, Plaintiff must adduce evidence that

> (1) The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which the defendant practices or in a similar community at the time the alleged injury or wrongful action occurred;
>
> (2) That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and
>
> (3) As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.[11]

In her Complaint, Plaintiff alleges that in addition to the injuries of her deceased child, she suffered injuries and complications as a result of Defendant's alleged medical malpractice.[12]  The plaintiff in a medical malpractice action is required to prove all of the three elements by expert testimony unless the circumstances of the alleged malpractice is within the common knowledge of laymen.[13]

---

[11] Tenn. Code Ann. § 29-26-115(a); *Williams v. Baptist Mem'l Hosp.*, 193 S.W.3d 545, 553 (Tenn. 2006).

[12] Compl. ¶ 13 ("After delivery, Cassie Nalawagan suffered serious complications including postpartum hemorrhage, adult respiratory distress syndrome, renal failure and infection.").

[13] *E.g. Moon v. St. Thomas Hosp.,* 983 S.W.2d 225, 229 (Tenn.1998).

Plaintiff has failed to offer expert testimony to make out all of the elements of her own claim for medical malpractice. In the record before the Court, Plaintiff has disclosed two experts in support of her claims: Dr. Donald L. Block and Dr. Gene M. Tenorio. First, Dr. Block is an obstetrician-gynecologist who has offered his expert opinion about the standard of care for obstetrics and gynecology in this area. Dr. Block has testified extensively on what he believes are deviations from the standard of care as to Demario Nalawagan, Plaintiff's deceased child. However, Dr. Block does not address Plaintiff's physical injuries in his report. For example, Dr. Block opines in his report that injuries to Demario Nalawagan were more likely than not caused by Defendant's deviation from the standard of care.[14] Dr. Block went on to state that Defendant' breach of the standard of care was the cause of "neurological damage and death to Demario Nalawagan that otherwise would not have occurred."[15] More specifically, Dr. Block opined that Defendant "failed to recognize nonreassuring fetal heart tracings" and that had Def recognized these distress signs and attempted an operative delivery of the baby, Demario Nalawagan would have been born with minimal or no neurological impairment.[16]

Likewise, the Court finds that Dr. Block's deposition testimony on deviations from the standard of care all relate to Demario Nalawagan, and not Plaintiff. For example, Dr. Block testified that Defendant failed to respond to a nurse's warnings earlier in the morning.[17] Even when Defendant became aware of the warnings signs, Defendant failed to recognize them as

---

[14] Block Rule 26 Expert Discl., ¶ 2.

[15] *Id.* at ¶ 11.

[16] *Id.* at ¶¶ 12-13.

[17] Block Depo. June 9, 2008, 76:19-25.

warning signs.[18]  According to Dr. Block, Defendant should have recognized the baby's distress and performed an operative delivery (caesarean section) no later than 12:30 or 1:00 P.M. on the day in question.[19]  Perhaps most importantly, Dr. Block testified that nothing in Plaintiff's prenatal care was "controversial."[20]  Dr. Block further testified that he found no deviation from the standard of care in Plaintiff's postpartum treatment.[21]  Based on Dr. Block's opinions, the Court holds that Plaintiff cannot establish the elements of a medical malpractice claim for her own injuries.

Nor does Plaintiff's second expert, Dr. Tenorio, offer any opinion in support of a medical malpractice claim for Plaintiff's injuries.  Dr. Tenorio's conclusions are all concerned with the injuries sustained by Demario Nalawagan.  Dr. Tenorio has stated that the child was born with significant brain damage caused by intrapartum hypoxia or asphyxia, which occurred during Plaintiff's labor and delivery.[22]  Dr. Tenorio has opined that as a result of the child's brain damage caused by the intrapartum hypoxia or asphyxia, the child developed hypoxic ischemic encephalopathy.[23]  Finally, in Dr. Tenorio's opinion, had the intrapartum hypoxia been recognized and responded to appropriately earlier, the child would more likely than not have

---

[18] *Id.* at 79:7-13.

[19] *Id.* at 83:21-25.

[20] *Id.* at 27:10-15.

[21] *Id.* at 27:16-28:1.

[22] Tenorio Rule 26 Expert Discl., 1.

[23] *Id.* at 3.

been born with minimal or no neurological impairment.[24] None of these opinions would go to prove any of the elements of Plaintiff's medical malpractice claim for her own injuries.

The Court recognizes that in the unique circumstances of childbirth and delivery, the care of the mother is inextricably connected to the care of the child. Deviations in the care of one will very likely have an effect on the other. Plaintiff has adduced expert evidence addressing deviations in the standard of care for her child, among others, Dr. Block's opinion that Defendant should have pursued operative delivery of the child (and much sooner) as opposed to waiting and allowing a vaginal delivery. This particular deviation in the care of her child arguably had a direct impact on Plaintiff. However, even for injuries Plaintiff sustained in the course of giving birth, Plaintiff must produce expert proof to establish how deviations in the care for her child were the proximate cause of the injuries she alleges to have suffered. Therefore, even under these circumstances, Plaintiff has failed to adduce expert evidence to make out her own claim for medical malpractice.

Having held that Plaintiff has not come forward with expert proof in support of her own injury claims, the Court holds that Defendant is entitled to summary judgment as to those claims. Therefore, Defendant's Motion for Partial Summary Judgment is **GRANTED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: April 28th, 2010.

---

[24] *Id.* at 4.