IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

CASSIE NALAWAGAN, for herself and          )
as surviving mother and next friend of     )
DEMARIO NALAWAGAN, DECEASED,               )
                                           )
              Plaintiff,                   )
                                           )
v.                                         )          No. 06-2745-STA-dkv
                                           )
HAI V. DANG, M.D.,                         )
                                           )
              Defendant.                   )
                                           )

_____

ORDER GRANTING IN PART, DENYING IN PART DEFENDANT'S MOTION IN
LIMINE TO LIMIT EVIDENCE OF DAMAGES
_____

Before the Court is Defendant's Motion in Limine to Limit Evidence of Damages (D.E. #

100) filed on October 12, 2010.  Plaintiff has responded in opposition to Defendant's Motion.

The Court heard oral arguments on the Motion from counsel at the pretrial conference on

October 19, 2010.  For the reasons stated below, the Motion is **GRANTED IN PART, DENIED**

**IN PART**.

<u>BACKGROUND</u>

Plaintiff has alleged in part that Defendant is liable for medical malpractice resulting in

injuries during the labor and delivery of her son Demario Nalawagan.  In the Motion before the

Court, Defendant first argues that Plaintiff's damages are barred by Tennessee's Medical

Malpractice Act, found at Tenn. Code Ann. § 29-26-119 ("the statute").  According to

Defendant, the proof at trial will show that the medical expenses incurred by Plaintiff's son were

1

paid by Medicaid, and none of the expenses were paid out-of-pocket.  Defendant reads the statute to prevent Plaintiff from recovering any expenses which Medicaid has already paid on her son's behalf.  Defendant further argues that to the extent that Plaintiff did incur out-of-pocket expenses, Plaintiff should only be permitted to seek recovery of amounts actually paid, and not the amounts billed.  Second, Defendant contends that Plaintiff's claims for damages are too speculative.  Plaintiff's medical expert has opined that even if Defendant had complied with the standard of care and delivered Demario Nalawagan much sooner, the child would still have sustained injuries.  Defendant submits that Plaintiff has failed to offer any expert proof about what medical expenses Plaintiff would have incurred in this event.  For the same reasons, Defendant argues that Plaintiff's claims for her son's future lost wages are also speculative.  Plaintiff cannot show what impact her son's brain injuries would have had on his future earning capacity.  Therefore, the Court should limit the evidence Plaintiff may offer at trial in support of her claims for damages.

In her response in opposition, Plaintiff argues that she should still be allowed to recover any amounts Medicaid has already paid for her son's medical expenses.  Citing decisions from the Tennessee courts, Plaintiff states that the statute does not preclude recovery of medical expenses already paid by a third-party if the third-party has a right of subrogation.  Plaintiff further seeks recovery for the amounts billed, construing the statute's reference to "cost of reasonable and necessary medical care" to mean the "actual cost."  Plaintiff discusses a number of decisions from other jurisdictions where courts have held that the collateral source rule permits a plaintiff to recover not only the amount paid by Medicaid but also any amounts written-off or forgiven.  In the alternative, Plaintiff suggests that if there is a danger of the jury

granting Plaintiff an excessive award of damages, the better procedure would be to issue a post-verdict *remittitur*.  Plaintiff does not address Defendant's argument that some of Plaintiff's claims for damages are too speculative.

## ANALYSIS

The issue presented is whether Plaintiff may recover as damages the medical expenses actually billed by the providers or only the amounts paid by Medicaid on behalf of her son.  The parties agree that Tennessee law applies.  Under the *Erie* doctrine, the Court is bound to apply the substantive law of the state of Tennessee as if this action had been brought in a Tennessee state court.[1]  The Court must apply the law as it has been determined by the Tennessee Supreme Court.[2]  When the Tennessee Supreme Court has not answered a particular question of law, the federal court must discern or predict how the state courts would respond if confronted with the question.[3]

The Court holds that pursuant to Tennessee law, Plaintiff may recover only the amounts "paid or payable" on behalf of her son by Medicaid as well as any amounts "paid or payable" by Plaintiff.  The statute reads in relevant part:

> In a malpractice action. . . , the damages awarded may include. . . actual economic losses suffered by the claimant by reason of the personal injury including, but not limited to cost of reasonable and necessary medical care . . . but only to the extent that such costs are not *paid or payable* and such losses are not replaced, or indemnified in whole or in part, by insurance provided by an employer either governmental or private, by social security

---

[1] *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Corrigan v. U.S. Steel Corp.*, 478 F.3d 718, 723 (6th Cir. 2007).

[2] *Gahafer v. Ford Motor Co.,* 328 F.3d 859, 861 (6th Cir. 2003).

[3] *Hartford Fire Ins. Co. v. Lawrence, Dykes, Goodenberger, Bower & Clancy*, 740 F.2d 1362, 1365 (6th Cir. 1984); *Clutter v. Johns-Manville Sales Corp.,* 646 F.2d 1151, 1153 (6th Cir. 1981).

benefits, service benefit programs, unemployment benefits, or any other source except the assets of the claimants or of the members of the claimant's immediate family and insurance purchased in whole or in part, privately and individually.[4] (emphasis added)

The Tennessee Court of Appeals has held that the statute does not prevent a medical malpractice plaintiff from recovering medical expenses paid by Medicaid.[5] At the pretrial conference, Defendant conceded as much. Based on the *Hughlett* decision and on Defendant's concession at the hearing, the Court holds that Plaintiff may seek recovery of medical expenses already "paid or payable" by Medicaid on behalf of her son Demario Nalawagan. Therefore, Defendant's Motion is **DENIED** as to this issue.

However, the Court holds that pursuant to Tennessee law, Plaintiff may not recover the amounts actually billed by her son's medical providers over and above the amounts "paid or payable." Medicaid programs pay only a scheduled fee for medical services, and those payments commonly are lower than a provider's customary fee.[6] The precise issue of whether a plaintiff may recover billed amounts exceeding Medicaid payments already made has not been addressed by the Tennessee state courts.[7] As a result, the Court is left to predict how the Tennessee courts

---

[4] Tenn. Code Ann. § 29-26-119.

[5] *Hughlett v. Shelby County Health Care Corp.*, 940 S.W.2d 571 (Tenn. Ct. App. 1996) (citing *Nance by Nance v. Westside Hosp.*, 750 S.W.2d 740 (Tenn. 1988)). In the absence of any indication that the Tennessee Supreme Court would adopt a rule contrary to the rule announced in the Tennessee Court of Appeals, this Court is not free to ignore the announcement of the state appellate court on matters of state law. *Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676 (6th Cir. 2000).

[6] *See Spectrum Health Continuing Care Group v. Anna Marie Bowling Irrecoverable Trust*, 410 F.3d 304, 313 (6th Cir. 2005).

[7] *Ward v. Glover*, 206 S.W.3d 17, 41 (Tenn. Ct. App. 2006) ("We have determined that it is not necessary for us to resolve this issue, simply because the jury found for the defendants as to liability on all of the remaining claims. Thus, the jury did not reach the issue of damages.").

would answer the question, or, more specifically, how the courts would construe the statute. Under Tennessee law, the Court's role in construing a statute is to ascertain and give effect to the legislative intent without unduly restricting or expanding the statute's coverage beyond its intended scope.[8]  In fulfilling this role, the Court must presume that every word in the statute has meaning and purpose and should be given full effect if the obvious intention of the Tennessee General Assembly is not violated by so doing.[9]  When the language of the statute is clear, the Court should apply its plain meaning, without complicating the task.[10]

The Court finds that the Medical Malpractice Act is sufficiently clear on this point and limits damages to costs "paid or payable."  The statute contemplates the recovery of "actual economic losses suffered by the claimant" including medical expenses, "but only to the extent" of costs "not paid or payable." As previously noted, the Tennessee courts have construed the statute to permit recovery of medical expenses "paid or payable" where a third-party like Medicaid retains the right of subrogation.  The Court finds that the statute confines recoverable medical expenses to those expenses which were "paid or payable."[11]  Based on the plain meaning of these terms, it is clear that medical expenses are limited to expenses already paid or such expenses yet to be paid, and not simply the amounts billed.  The Court concludes that in so far as amounts billed by the providers for medical care differ from actual amounts "paid or payable," Plaintiff is not entitled to recover amounts billed pursuant to the statute.  Therefore, Defendant's

---

[8] *Owens v. State,* 908 S.W.2d 923, 926 (Tenn. 1995).

[9] *In re C.K.G.,* 173 S.W.3d 714, 722 (Tenn. 2005).

[10] *Eastman Chem. Co. v. Johnson,* 151 S.W.3d 503, 507 (Tenn. 2004).

[11] *See Donathan v. Orthopaedic & Sports Med. Clinic, PLLC*, No. 4:07-cv-18, 2009 WL 3584263, at *10 (E.D. Tenn. Oct. 26, 2009).

Motion is **GRANTED** as to this issue.

<u>**CONCLUSION**</u>

Defendant's Motion in Limine is **GRANTED IN PART, DENIED IN PART**.  Plaintiff may seek recovery of amounts "paid or payable" for her son's medical expenses by Medicaid. Plaintiff may only seek amounts actually billed by her son's medical providers to the extent that the amounts billed were "paid or payable."  Concerning all other matters raised in Defendant's Motion, the Court reserves ruling at this time.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: October 27th, 2010.